UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PENNY MONROE,

        Plaintiff,

v.                                                                    Case No. 09-C-1163

MICHAEL ASTRUE,

        Defendant.

## DECISION AND ORDER

Plaintiff Penny Monroe filed this action challenging the decision of the Commissioner of Social Security denying her disability benefits. This Court remanded the action, and Plaintiff now seeks attorney's fees under the Equal Access to Justice Act (EAJA). The EAJA provides that a district court may award attorneys' fees where: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances make an award unjust; and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States,* 316 F.3d 684, 687 (7th Cir. 2003). Only the second prong is at issue here. In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and a reasonable connection must exist between the facts and his legal theory. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of proving his position was substantially justified. *See Golembiewski,* 382 F.3d at 724.

As is common, this Court rejected a number of the Plaintiff's arguments and remanded based on only one. The government thus argues that its position was substantially justified because it won on the majority of points raised. This line of argument touches on at least two problems. First, it is becoming all-too-common that benefits appellants raise a laundry list of issues in their briefs when few of the issues raised have arguable merit. As I noted in a recent case involving Plaintiff's counsel, it would be truly remarkable if a trained ALJ (a lawyer who specializes in benefits determinations) could even be capable of making the number of errors counsel alleged. Courts routinely receive 75 pages of briefing (brief in support, response brief, reply brief) arguing about a mere two pages of an ALJ's nine-page decision. One gets the impression that some sentences penned by an ALJ have probably received more scrutiny than certain passages of the Bible or Shakespeare, and this "kitchen sink" approach adds cost and delay to the process because a reviewing court must sift through a half-dozen (or sometimes many more) meritless arguments before finding the nugget of merit, assuming any of them do have merit. Some courts have cut EAJA fees when arguments briefed have lacked merit, and this Court may take such an approach in the future. *See, e.g., Matthews-Sheets v. Astrue*, 2011 WL 3437029, *1 (7th Cir. 2011).

But that is a tangent from the government's argument, which is that because it prevailed on most of the issues raised, its position must be deemed substantially justified. The problem with this is that the merits of the government's position cannot be tallied in such a win-loss fashion because the government is only reacting to the points the *plaintiff* raises. The overall merit of the *Commissioner's* approach is not correlated with the number of successful or unsuccessful arguments any plaintiff might make. (As noted above, fees might be *reduced* based on a number of meritless

arguments, but that is different from the more basic question of whether fees are appropriate at all.) The question is whether the government's position was reasonable.

"'Substantially justified' does not mean 'justified to a high degree,' but rather ... [is] satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992), quoting *Pierce v. Underwood,* 487 U.S. 552 (1988). I remanded the case because the ALJ had rejected a psychiatrist's opinion as to Plaintiff's bipolar disorder on the ground that there was an absence of objective medical evidence. I found that the psychiatrist's opinion was as "objective" as could be obtained for a limitation based on mental illness, and thus found it error for the ALJ to have rejected the psychiatrist's opinion on that basis.

The government argues it was justified in its position, however, because other courts have upheld similar ALJ rulings on the grounds that ALJs are entitled to discount medical conditions that are based primarily on self-reported symptoms. The key Seventh Circuit case the Commissioner cites for that principle, however, is not comparable. *Ziegler v. Astrue,* 336 Fed. Appx. 563, 569 (7th Cir. 2009). There, the ALJ did indeed discount the report of a treating psychiatrist in favor of a consultant's opinion that the claimant did not suffer from mental illness. The ALJ did so, however, not because the psychiatrist's opinion did not constitute "objective" evidence, but because the psychiatrist's report was inconclusive. "Dr. Bohon's report does not show much analysis and was prepared after only one meeting with Ziegler." *Id.* The psychiatrist actually gave no prognosis because he stated that he had "just met" the claimant. Given the "inconclusiveness of the report and the other record evidence that contradicts its conclusion," it was not error for the ALJ to discount the psychiatrist's report. *Id.*

3

The ALJ did not engage in that kind of analysis here. There was no weighing of the report in light of other evidence, and no indication that the ALJ was discounting the report for other reasons. (In fact, Plaintiff met with the psychiatrist here three times, not once.) The essence of the rejection was simply that it lacked objective foundation. Without any more explanation, a reviewing court is unable to affirm because the ALJ's reasoning would have applied to any mental health condition, not just the claimant's. For this reason, I conclude the government's position was not substantially justified.

Accordingly, the motion for fees under EAJA is **GRANTED**. Plaintiff is awarded $8,999.50 in fees and expenses, which should be paid to Plaintiff's counsel unless Plaintiff has an existing debt to the government.

**SO ORDERED** this   18th   day of October, 2011.

                                             s/ William C. Griesbach
                                             William C. Griesbach
                                             United States District Judge